JAMES DAERIA *v.* COMMISSIONER OF CORRECTION
(AC 28494)

DiPentima, Robinson and Borden, Js.

Argued February 21—officially released May 6, 2008

*Jennifer C. Vickery*, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, *Gerard P. Eisenman* and *Susann E. Gill*, senior assistant state's attorneys, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, James DaEria, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus in which he alleged the ineffective assistance of his appellate counsel. We affirm the judgment of the habeas court.

The petitioner, following a jury trial, was convicted of various criminal offenses.[1] The court sentenced the petitioner to term of forty years incarceration. The petitioner then filed a direct appeal.[2] This court affirmed the judgment of conviction. *State* v. *DaEria*, 51 Conn. App. 149, 721 A.2d 539 (1998).

The petitioner subsequently filed a petition for a writ of habeas corpus in which he alleged that his appellate

[1] Specifically, the defendant was convicted of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a, assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit larceny in the second degree in violation of General Statutes §§ 53a-49 and 53a-123, attempt to commit larceny in the third degree in violation of General Statutes §§ 53a-49 and 53a-124, carrying a pistol without a permit in violation General Statutes § 29-35 (a) and conspiracy to commit larceny in the second degree in violation of General Statutes §§ 53a-48 and 53a-123 (a) (2). The petitioner also was convicted of the commission of a class A, B or C felony with a firearm in violation of General Statutes § 53-202k. The trial court subsequently vacated this conviction in light of our Supreme Court's decision in *State* v. *Dash*, 242 Conn. 143, 146–50, 698 A.2d 297 (1997) (§ 53-202k is sentence enhancement provision and not separate crime).

[2] On direct appeal, the petitioner claimed that the trial court improperly denied his motion to suppress evidence obtained following the stop of his motor vehicle, admitted into evidence clothing that the police had seized without a warrant, denied his motion to suppress oral statements that he made to the police and denied his motion to suppress items the police seized from his vehicle.

counsel had provided ineffective assistance. The habeas court denied the petition on April 24, 2000. On December 22, 2006, pursuant to a stipulation between the parties, the court rendered a judgment restoring the petitioner's habeas case to the legal status as of the date of issuance of the April 24, 2000 decision. On January 8, 2007, the court granted the petition for certification to appeal from the denial of the petition for a writ of habeas corpus. On appeal, the petitioner claims that his appellate counsel was ineffective for failing on direct appeal to challenge the sufficiency of the evidence as to the identity of the perpetrator. Specifically, he argues that there was insufficient evidence to establish the element of identity for all charges and that there was insufficient evidence to establish the element of intent with respect to the charge of attempt to commit murder. We do not agree.

On the basis of the evidence adduced at the criminal trial, the jury reasonably could have found the following facts. The victim, after hearing a noise and an activated car alarm, saw two men running from the driveway. The victim ran outside to investigate and observed two men enter a parked motor vehicle. The victim observed someone exit from the driver's side, take several steps toward him and then vocalize a threat. The victim was then shot in the leg, and several more gunshots were fired as he ran back into the house. Following a motor vehicle chase, the police apprehended the petitioner and a second individual known as Raymond Cooney. A third person, known only as "Joey" or "Popcorn," escaped and never was apprehended.

"The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the federal constitution, and by article first, § 8, of the constitution of Connecticut. In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court

established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . .

"The first part of the *Strickland* analysis requires the petitioner to establish that appellate counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions. . . . Indeed, [e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. . . .

"To satisfy the prejudice prong, a petitioner must, thus, establish that, as a result of appellate counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. Put another way, he must establish that, because of the failure of his appellate counsel to raise a [particular] claim, there is a reasonable probability that he remains burdened by an unreliable determination of his guilt. . . . In order to prevail on a claim of ineffective assistance of appellate counsel, therefore, a habeas petitioner must show not only that his appeal would have been sustained but for counsel's deficient

performance, but also that there is a reasonable probability that the trial verdict would have been different." (Citation omitted; internal quotation marks omitted.) *Pierce* v. *Commissioner of Correction*, 100 Conn. App. 1, 10–11, 916 A.2d 864, cert. denied, 282 Conn. 908, 920 A.2d 1017 (2007); see generally *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 610 A.2d 598 (1992).

We now set forth the applicable standard of review. "Our review of the judgment of the habeas court is carefully circumscribed. The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Whether the representation a [petitioner] received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Vivo* v. *Commissioner of Correction*, 90 Conn. App. 167, 173, 876 A.2d 1216, cert. denied, 275 Conn. 925, 883 A.2d 1253 (2005).

The habeas court concluded that the petitioner had failed to sustain his burden with respect to both of the *Strickland* prongs. After reviewing the entire record, we agree with the court's conclusions. Alexander H. Schwartz, the petitioner's appellate counsel, testified that he read the criminal trial transcript several times, reviewed the record, spoke to trial counsel and performed research before deciding which issues to pursue on appeal. He determined, after he had thought "long and hard" about raising a sufficiency of the evidence claim, that in his professional judgment, such a claim would be unsuccessful on appeal and would detract from stronger issues. His decision was based on the proper standard of review an appellate court utilizes in addressing sufficiency of the evidence claims, as well as the principle that "[l]egal contentions, like the currency, depreciate through over-issue. The mind of an

appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one [issue] . . . . [M]ultiplying assignments of error will dilute and weaken a good case and will not save a bad one. . . . Most cases present only one, two, or three significant questions. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones." (Internal quotation marks omitted.) *Ormsby* v. *Frankel,* 54 Conn. App. 98, 113 n.6, 734 A.2d 575 (1999), aff'd, 255 Conn. 670, 768 A.2d 441 (2001). We conclude, therefore, that the petitioner failed to sustain his burden with respect to the first prong of *Strickland.*

Additionally, we have reviewed the record and conclude that there was sufficient evidence to support the jury's findings of guilt. Contrary to the arguments raised in the petitioner's brief, it was well within the province of the jury to find that the petitioner, and not Cooney, committed the various criminal offenses. Simply put, the petitioner also has failed to sustain his burden as to the second *Strickland* prong.

The judgment is affirmed.