MARCUS GREGORY *v.* COMMISSIONER OF
CORRECTION
(AC 28860)

DiPentima, Beach and Robinson, Js.

Argued October 10—officially released December 2, 2008

*Rosemarie T. Weber*, special public defender, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Marcus Gregory, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying his petition for certification to appeal, (2) improperly found that trial counsel was not ineffective with respect to his cross-examination of a state's witness, (3) improperly found that trial counsel was not ineffective for not using an expert witness and (4) improperly found that trial and appellate counsel were not ineffective for failing to address instances of prosecutorial impropriety.[1] We conclude that the court properly denied the petition for certification to appeal and, accordingly, dismiss the petitioner's appeal.

The jury found the petitioner guilty of various criminal offenses.[2] See *State* v. *Gregory*, 56 Conn. App. 47,

---

[1] In *State* v. *Fauci*, 282 Conn. 23, 917 A.2d 978 (2007), our Supreme Court concluded that the term "prosecutorial impropriety" is more appropriate than the term "prosecutorial misconduct," Id., 26 n.2. Although the parties have briefed the petitioner's claim using the nomenclature of "prosecutorial misconduct," we have used the term "prosecutorial impropriety" in our discussion of this claim. See *State* v. *Smith*, 110 Conn. App. 70, 72 n.1, 954 A.2d 202 (2008).

[2] Specifically, the petitioner was convicted of conspiracy to commit kidnapping in the first degree in violation of General Statutes §§ 53a-92 (a) (2)

49, 741 A.2 986 (1999), cert. denied, 252 Conn. 929, 746 A.2d 790 (2000). The petitioner received a total effective sentence of ninety years incarceration. The convictions were affirmed on direct appeal. See id.

In his amended petition for a writ of habeas corpus, the petitioner set forth four counts: ineffective assistance of trial counsel, attorney David Egan; ineffective assistance of appellate counsel, attorney Norman A. Pattis; actual innocence; and prosecutorial impropriety.[3] In January, 2007, the habeas court heard evidence and, on April 23, 2007, issued a memorandum of decision denying the petition. The court subsequently denied the petition for certification to appeal on May 10, 2007. The petitioner then filed the present appeal.

We now set forth the applicable standard of review. "In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d

---

(B) and 53a-48, kidnapping in the first degree in violation of § 53a-92 (a) (2) (B), conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-101 (a) (2) and 53a-48, burglary in the first degree in violation of General Statutes §§ 53a-101 (a) (2) and 53a-8, conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-48, aiding robbery in the first degree in violation of §§ 53a-134 (a) (4) and 53a-8, and larceny in the third degree in violation of General Statutes § 53a-124 (a) (1).

[3] At the start of the habeas trial, the court dismissed the count alleging prosecutorial impropriety on the basis of procedural default. The court also rejected the petitioner's claim of actual innocence, and neither issue has been appealed.

601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different. *White* v. *Commissioner of Correction*, [58 Conn. App. 169, 170, 752 A.2d 1159 (2000)], citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . ." (Internal quotation marks omitted.) *Faust* v. *Commissioner of Correction*, 85 Conn. App. 719, 721–22, 858 A.2d 853, cert. denied, 272 Conn. 909, 863 A.2d 701 (2004).

On appeal, the petitioner claims that Egan provided ineffective assistance of counsel with respect to his cross-examination of a certain witness. Specifically, the petitioner argues that Egan should have questioned Edward Wooldridge, a state police trooper, about discrepancies in his initial description of the suspect he was pursuing and Wooldridge's comment that he was unsure if the petitioner was in fact the "right suspect." The habeas court found that during Egan's cross-examination, Wooldridge conceded that the petitioner's appearance varied from his initial description. Wooldridge further acknowledged in his testimony that he

was not sure that the petitioner was the person he had been pursuing. Finally, Wooldridge noted that he had lost sight of the suspect for a period of time.

The court found "no support for the claim that Egan was ineffective" with respect to his questioning of Wooldridge and therefore did not address the prejudice prong of *Strickland*. It noted that any additional cross-examination regarding discrepancies between the initial description of the suspect and the petitioner's actual appearance merely would have been cumulative and that the jurors "had tangible evidence of Wooldridge's mistaken identification for their consideration."

The petitioner next claims that Egan provided ineffective assistance of counsel with respect to his failure to call a dog handling expert. Specifically, he argues that Egan should have used an expert to testify as to dog tracking procedures and whether the dog should have tracked to the petitioner and identified him, rather than just tracked to the site where the petitioner had been found by the police. Robert Novia, a Bridgeport police officer, and police dog Timmy had tracked a scent from the driver's seat of the motor vehicle operated by the fleeing suspect to a couch in the alley where the petitioner had been hiding. Novia testified at the criminal trial that he terminated the track after learning that the petitioner had been found hiding behind this couch. Timmy did not track to the location where the petitioner was being held by the police.

The habeas court found that Egan had used the fact that Timmy had not tracked to the petitioner as a matter of trial strategy and emphasized this fact during his cross-examination of Novia. Furthermore, the expert witness called at the habeas trial by the petitioner never testified that Novia's actions violated standard procedure or in any way undermined the reliability of the track. Accordingly, the court found that the petitioner

failed to establish that Egan's performance was deficient.

The petitioner's final claim is that both Egan and Pattis failed to address pervasive prosecutorial impropriety.[4] The habeas court considered and rejected this claim as to Egan. Specifically, it found that the petitioner failed to sustain his burden as to both of the *Strickland* prongs. With respect to the claim against Pattis, the court found that he exercised sound appellate strategy in raising only the issues that he thought would be successful and not raising a claim of prosecutorial impropriety that he did not believe would lead to a reversal of the petitioner's conviction. The court ultimately concluded, with respect to the action of Pattis, that the petitioner had failed to sustain his burden of proof with respect to both *Strickland* prongs.

After carefully reviewing the record and briefs, we agree with the habeas court's thoughtful and thorough memorandum of decision. We are not convinced that

[4] We note the different principles that apply to the review of Pattis' actions as appellate counsel. "The first part of the *Strickland* analysis requires the petitioner to establish that appellate counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions. . . . Indeed, [e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." (Internal quotation marks omitted.) *DaEria* v. *Commissioner of Correction*, 107 Conn. App. 539, 542, 946 A.2d 249, cert. denied, 289 Conn. 911, 957 A.2d 877 (2008).

Finally, we note that our Supreme Court recently reexamined the determination of the prejudice prong of *Strickland* as applied to appellate counsel. See *Small* v. *Commissioner of Correction*, 286 Conn. 707, 724, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). In *Small*, our Supreme Court stated: "[The petitioner] must show a reasonable probability that, but for his counsel's [error], he would have prevailed on his appeal." (Internal quotation marks omitted.) Id., 720.

the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616. Consequently, we conclude that the petitioner failed to establish that the court abused its discretion in denying the petition for certification to appeal. See, e.g., *Coleman* v. *Commissioner of Correction*, 108 Conn. App. 836, 838, 949 A.2d 536, cert. denied, 289 Conn. 913, 957 A.2d 876 (2008).

The appeal is dismissed.