BOONE SYNAKORN *v.* COMMISSIONER
OF CORRECTION
(AC 30941)

DiPentima, C. J., and Beach and Hennessy, Js.

Argued September 8—officially released November 2, 2010

*Deren Manasevit,* special public defender, for the appellant (petitioner).

*Linda Currie-Zeffiro,* assistant state's attorney, with whom, on the brief, were *John C. Smriga,* state's attorney, *Jonathan C. Benedict,* former state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, Boone Synakorn, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal and improperly rejected his claim that his appellate counsel had provided ineffective assistance of counsel. We dismiss the appeal.

The following facts and procedural history are relevant to the resolution of the petitioner's appeal. The jury found the petitioner guilty of possession of at least one-half gram of cocaine in free-base form with intent

to sell in violation of General Statutes (Rev. to 1991) § 21a-278 (a), possession of cocaine in free-base form with intent to sell within 1000 feet of a public school in violation of General Statutes (Rev. to 1991) § 21a-278a (b) and possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b). The court sentenced the petitioner to a prison term of thirty years.[1] The petitioner, represented by attorneys Robert G. Golger and Howard T. Owens, Jr., unsuccessfully appealed his conviction. See *State* v. *Synakorn*, 239 Conn. 427, 685 A.2d 1123 (1996).

On September 10, 2008, the petitioner filed an amended petition for a writ of habeas corpus, alleging the ineffective assistance of appellate counsel. He alleged that his appellate attorneys provided ineffective assistance of counsel by failing to raise (1) a claim that the trial court improperly denied motions for a mistrial and a new trial on the basis of prejudicial testimony and (2) a claim of insufficient evidence to sustain his conviction.

On February 11, 2009, the habeas court issued a memorandum of decision denying the petition for a writ of habeas corpus. With respect to count one of the petition, the habeas court concluded that the petitioner had failed to establish either deficient performance or prejudice[2] with respect to his counsels' strategic decision not to pursue any claim on appeal regarding the motions for a mistrial or a new trial. With respect to the second count, the court concluded that the petitioner failed to prove that his appellate counsel were ineffective by failing to raise a sufficiency claim. Accordingly, the court denied the petition for a writ of habeas court. On

[1] Following a sentence review board hearing, the petitioner's total effective sentence was reduced from thirty years to twenty-five years.

[2] See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

February 23, 2009, the court denied the petition for certification to appeal.

We begin by setting forth our standard of review and the general legal principles applicable to the petitioner's appeal. "In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Gregory* v. *Commissioner of Correction*, 111 Conn. App. 430, 432–33, 959 A.2d 633 (2008), cert. denied, 290 Conn. 906, 962 A.2d 794 (2009).

"A criminal defendant's right to the effective assistance of counsel extends through the first appeal of right and is guaranteed by the sixth and fourteenth amendments to the United States constitution and by

article first, § 8, of the Connecticut constitution." (Internal quotation marks omitted.) *Watson* v. *Commissioner of Correction*, 111 Conn. App. 160, 167, 958 A.2d 782, cert. denied, 290 Conn. 901, 962 A.2d 128 (2008). "To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . It is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier." (Emphasis in original; internal quotation marks omitted.) *Tuck* v. *Commissioner of Correction*, 123 Conn. App. 189, 194, 1 A.3d 1111 (2010).

In cases involving claims of ineffective assistance of appellate counsel, our Supreme Court has instructed that, in determining whether a petitioner has satisfied the prejudice prong, the question is whether there is a reasonable probability that but for the error of counsel, the petitioner would have prevailed on his appeal. *Gregory* v. *Commissioner of Correction*, supra, 111 Conn. App. 435 n.4; see also *Small* v. *Commissioner of Correction*, 286 Conn. 707, 717–28, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). We therefore undertake an analysis of the merits of the underlying claims. See *Small* v. *Commissioner of Correction*, supra, 728. Additionally, we note that "the task before us is not to

conclude definitively whether the petitioner, on appeal, would have prevailed on his claim . . . . Rather, the task before us is to determine, under *Strickland*, whether there is a *reasonable probability* that the petitioner would have prevailed on appeal." (Emphasis in original.) Id., 731.

In its decision on direct appeal affirming the petitioner's conviction, our Supreme Court set forth the following facts. "Pursuant to a search warrant, on February 21, 1992, state and local law enforcement officials executed a search of an apartment in Bridgeport that the [petitioner] shared with Mary Dudac and Sean Lay. During the course of that search, the police seized a black duffel bag and a paper bag from a living room closet. Inside these bags police found 6002 vials containing a substance that appeared to be crack cocaine. . . . The evidence officer who participated in the search, Detective Esther Ramos of the Bridgeport police department, testified that the cocaine was packaged in the vials for street sale.

"While searching the kitchen cabinets, a police officer found a metal tin that contained a plastic bag filled with a plant-like substance. Another, larger, plastic bag found with the tin contained twenty-five small 'zip-lock' bags containing a plant-like substance that appeared to be marijuana. . . . Ramos further testified that the marijuana had been packaged for street sale. A search of Dudac's clothing revealed additional marijuana. . . . The [petitioner's] two housemates provided the police with statements that the black duffel bag belonged to the [petitioner]. Additionally, Dudac testified at trial that she had seen the [petitioner] place the duffel bag in the closet where it was later found by the police." *State* v. *Synakorn*, supra, 239 Conn. 429–31.

We first address the petitioner's claim that his appellate counsel provided ineffective assistance by failing

to claim that the trial court improperly had denied his motions for a mistrial and a new trial on the basis of prejudicial testimony. Specifically, he argues that Dudac's mother spontaneously testified that she "didn't like the fact that my daughter showed me a gun that belonged to [the petitioner] that was stored in our house one time." The petitioner's criminal trial counsel, Frank J. Riccio, moved for a mistrial on the ground that the testimony regarding a gun presented a collateral issue before the jury. Riccio further argued that the prejudice of this statement could not be cured with an instruction.

The court denied the motion for a mistrial. The court then struck the comment regarding the gun from the record and issued a curative instruction to the jury.[3] Additionally, during the charge to the jury, the court instructed the jury that it could not consider evidence that had been stricken from the record.[4] At the outset of the sentencing hearing, the petitioner moved for a new trial on the basis of the prejudicial effect of the stricken testimony regarding a weapon. The court denied this motion, simply stating that it had "looked

[3] The court stated: "Ladies and gentlemen, when we began, I had an occasion to talk to you about striking things from the record and you not considering things that may be said even though you've heard them as part of your decision-making process, and we have just arrived at that particular position. There was some comment about a gun. I'm going to ask you to please disregard that. I am striking it from the record, and I'm asking you not to consider that in any part of your decision-making process. You've heard it, but you're going to eliminate it. Okay? It is very important in all cases that if a trial is to be proper and is to go through properly and justly that we follow the rules of evidence. They're very clear and they're very important. I must ask you to do that. Thank you."

[4] Specifically, the court instructed: "Now, in the trial of this case, there were some objections and rulings on evidence, and there were exceptions and there were motions to strike. You are to consider only the evidence that was admitted, and if some evidence that was given was stricken or some evidence offered and refused, you must not consider it. You may not draw inferences from it. It means that I have decided that the stricken or refused materials should play no part in your decision-making process. So, don't speculate on what the answer might be. Erase it from your minds."

at all the new trial issues, and I cannot in good conscience see any reason to grant that motion."

We conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal with respect to whether a mistrial or a new trial was warranted as a result of the stricken weapon testimony. Both issues are reviewed by an appellate court with the deferential abuse of discretion standard. See *State* v. *Lynch*, 123 Conn. App. 479, 501, 1 A.3d 1254 (2010); *State* v. *Vazquez*, 119 Conn. App. 249, 252, 987 A.2d 1063 (2010). In this case, the trial court immediately struck the testimony and issued a curative instruction to the jury. Additionally, during the charge, it reminded the jury that it was to disregard any evidence that had been stricken. The strategic decision of Golger and Owens to forgo this weaker appellate claim in favor of concentrating on claims with a greater likelihood of success constituted sound strategy. "Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at a lack of confidence in any one [issue] . . . . [M]ultiplying assignments of error will dilute and weaken a good case and will not save a bad one." (Internal quotation marks omitted.) *Watson* v. *Commissioner of Correction*, supra, 111 Conn. App. 169.

We now address the petitioner's claim that his appellate attorneys provided ineffective assistance of counsel by failing to raise an insufficient evidence claim with respect to the two cocaine charges. Specifically, he argues that there was insufficient evidence to prove constructive possession of the cocaine found in the shared apartment.

"In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test.

First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"We note that the [finder of fact] must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical . . . to conclude that a basic fact or an inferred fact is true, the [fact finder] is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . .

"Moreover, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . In evaluating evidence, the [finder] of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The [finder of fact] may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [finder of fact's] verdict

of guilty." (Internal quotation marks omitted.) *State* v. *Pettigrew*, 124 Conn. App. 9, 30–31, 3 A.3d 148 (2010).

The petitioner argues that the evidence at trial failed to establish that he had constructive possession of the cocaine. We disagree. There was evidence that Lay informed the police that the drugs found in the apartment belonged to the petitioner. Dudac testified that the petitioner used a black duffel bag and had placed it in the closet. On several occasions, she observed the petitioner take the bag out with him and bring it back to the closet when he returned. The police officers located the cocaine in this bag.

"To prove either actual or constructive possession of a narcotic substance, the state must establish beyond a reasonable doubt that the accused knew of the character of the drug and its presence, and exercised dominion and control over it. . . . Under the doctrine of nonexclusive possession, [w]here the defendant is not in exclusive possession of the premises where the narcotics are found, it may not be inferred that [the defendant] knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference. . . . [Although] mere presence is not enough to support an inference of dominion or control, where there are other pieces of evidence tying the defendant to dominion and control, the [finder of fact is] entitled to consider the fact of [the defendant's] presence and to draw inferences from that presence and the other circumstances linking [the defendant] to the crime." (Citation omitted; internal quotation marks omitted.) *State* v. *Butler*, 296 Conn. 62, 78, 993 A.2d 970 (2010).

In the present case, the testimony of Lay and Dudac provide the necessary "other pieces of evidence," aside from the bag's presence in the apartment, to establish

the petitioner's dominion and control over the bag containing cocaine. Given our deferential review over claims that the evidence was insufficient to sustain the petitioner's conviction, we cannot conclude that, under these facts and circumstances, the failure to raise this claim amounted to ineffective assistance of counsel.[5] "While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue." (Internal quotation marks omitted.) *Moore* v. *Commissioner of Correction*, 119 Conn. App. 530, 543, 988 A.2d 881, cert. denied, 296 Conn. 902, 991 A.2d 1103 (2010).

Having reviewed the record, and for the reasons set forth previously, we conclude that the petitioner failed to establish that the issues he has raised are debatable among jurists of reason, that a court could have resolved them in a different manner or that the questions he has raised are adequate to deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Accordingly, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[5] For these reasons, we also conclude that the petitioner's claim that his appellate counsel on direct appeal should have challenged the denial of his motion for a judgment of acquittal is without merit.