FRANK VANDEVER *v.* COMMISSIONER
OF CORRECTION
(AC 30646)

DiPentima, C. J., and Beach and Borden, Js.

Argued March 13—officially released May 22, 2012

*Frank Vandever*, pro se, the appellant (petitioner).

*Madeline A. Melchionne*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Terrence M. O'Neill*, assistant attorney general, for the appellee (respondent).

*Opinion*

BEACH, J. The self-represented petitioner, Frank Vandever, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal. He also claims that the court improperly rejected his claims that his due process rights were violated by being placed on administrative segregation, or restrictive housing status, and by not having his statutory good time credits restored for the time he was placed on administrative segregation.[1] We dismiss the appeal.

The following facts, as found by the habeas court, and procedural history are relevant to this appeal. While in prison for numerous offenses, including murder and escape from a correctional institution, the petitioner, in October, 1997, was found to be in possession of a publication from the National Institute of Justice entitled, "Stopping Escapes: Perimeter Security," which pertained to perimeter security of prisons. The department of correction charged the petitioner with the disciplinary violation of conspiracy to commit escape. Following a disciplinary hearing on November 3, 1997, the petitioner was found "guilty" of possession of contraband. The department imposed sanctions, including

[1] The petitioner additionally argues that the habeas court's "denial of every single motion and objection of the petitioner and granting of every motion and request of [the] respondent [the commissioner of correction] may not have been fair adjudication." Most of the rulings mentioned in the brief were not raised in his petition for certification to appeal. Of the rulings raised in the petition, the petitioner has not demonstrated that the court abused its discretion in so ruling, nor has he demonstrated that the rulings were debatable among jurists of reason, that a court could have resolved them in a different manner or that the questions he has raised are adequate to deserve encouragement to proceed further. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

the forfeiture of ninety days of previously credited good time.

A second action followed as a sequela to the discovery of the petitioner's possession of the materials. On November 24, 1997, the inmate classification administrator authorized the placement of the petitioner on administrative segregation. The reason indicated by the inmate classification administrator was "[p]ossession of escape related contraband and prior escape and attempts."[2] (Internal quotation marks omitted.) As a result of the petitioner's placement on administrative segregation on November 24, 1997, he became ineligible under departmental regulations to earn statutory good time credits[3] and seven day work week good time credits.[4]

On December 15, 2003, the department of correction credited the petitioner with 400 days of statutory good

[2] At the time of his placement in administrative segregation; the petitioner was afforded a departmental hearing.

[3] General Statutes § 18-7a (c) provides: "Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee. In the event a prisoner has not yet earned sufficient good time to satisfy the good time loss, such lost good time shall be deducted from any good time earned in the future by such prisoner."

[4] General Statutes § 18-98a provides: "Each person committed to the custody of the Commissioner of Correction who is employed within the institution to which he was sentenced, or outside as provided by section 18-100, for a period of seven consecutive days, except for temporary interruption of such period as excused by the commissioner for valid reasons, may have one day deducted from his sentence for such period, in addition to any other earned time, at the discretion of the Commissioner of Correction."

time credits and paid him a sum of $2000. This resulted from a settlement between the petitioner and the department resolving a federal civil rights case that the petitioner had brought. The 400 day credit represented proportional credits for the time served between July 6, 1994, and April 14, 1997. This time period preceded the October 21, 1997 incident and analytically has nothing to do with the present case.

In a prior habeas action, the petitioner challenged on due process grounds the disciplinary report that had been issued for his possession of the National Institute of Justice publication. The warden agreed to withdraw the disciplinary report and restore the ninety days of good time that had been forfeited, and the habeas court, *Fuger, J.*, then dismissed the petition on grounds of mootness. Again, the settlement in effect reversed the forfeiture of previously credited good time and did not involve the prospective assignment to the administrative segregation at issue in this case.

The petitioner was on restrictive housing status, or administrative segregation, from approximately December 1, 1997,[5] until approximately July 1, 1999.[6] After the petitioner's release from restricted housing status and/or administrative segregation, he consistently earned statutory good time credits and seven day work week good time credits.

In November, 2003, the petitioner filed the petition for a writ of habeas corpus that is the subject of this appeal. He alleged that he had been wrongfully deprived of statutory good time credits and seven day work week good time credits. He claimed that his placement on administrative segregation on November 24, 1997, was

[5] The petitioner's time sheets dated December 1, 1997, bear the notation, "[administrative segregation] as of 11/24/1997."

[6] The petitioner's time sheets dated July 1, 1997, bear the notation, "as of 6/12/1999."

based solely on the issuance of a disciplinary report[7] in connection with the October, 1997 incident. He contended that, because the disciplinary report had been expunged, there was no longer any basis for the placement in administrative segregation, and that he is owed statutory good time credits that he was rendered ineligible to earn as a result of being placed in administrative segregation.

Following a trial, the court denied the petition. The court determined that an inmate does not have a constitutional right to any particular classification. The court also concluded that the petitioner did not have a right to statutory good time credits or seven day work week good time credits, but rather the awarding of such credits is solely within the department's discretion. The court further reasoned that the reasons of the respondent, the commissioner of correction, for withdrawing the disciplinary report, restoring the forfeited ninety days and entering into a stipulated judgment providing the petitioner with 400 days of unearned good time do not necessarily require restoration of the credits in issue. The petitioner filed a petition for certification to appeal, which was denied. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas

---

[7] This item was referred to interchangeably as "disciplinary ticket" and "disciplinary report." For clarity, we refer to it as a disciplinary report.

court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Gregory* v. *Commissioner of Correction*, 111 Conn. App. 430, 432–33, 959 A.2d 633 (2008), cert. denied, 290 Conn. 906, 962 A.2d 794 (2009).

The petitioner argues that the court abused its discretion in denying his petition for certification to appeal because the issues presented are debatable among jurists of reason, capable of being resolved in a different manner and that the questions are adequate to deserve encouragement to proceed further. The petitioner argues that his due process rights were violated when he was placed, in November, 1997, on administrative segregation based solely, he claims, on a disciplinary report that was later expunged. He further argues that he has a liberty interest in statutory good time credits and is owed credit for the time he was placed on administrative segregation.

The petitioner does not have a constitutional right to a particular classification. "Inmates do not have a constitutionally protected right to a particular classification. . . . Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of a sentence imposed by a court of law. . . . In order to state a claim of a violation of due process, an inmate must show a protected liberty interest and a deprivation of that interest without being afforded due process of law. A prisoner's liberty interest to be free from disciplinary segregation is not inherent in the due process clause of the federal constitution. *Harris* v. *Meulemans*, 389 F. Sup. 2d 438, 441 (D. Conn. 2005). Under Connecticut law, the Commissioner of

Correction retains discretionary authority to classify prisoners at any security level. . . . [S]ee General Statutes § 18-81 (discussing respondent's duties). . . . A prisoner has no constitutionally protected interest in or to a particular classification." (Citations omitted; internal quotation marks omitted.) *Martinez* v. *Commissioner of Correction*, 105 Conn. App. 65, 76–77, 936 A.2d 665 (2007), cert. denied, 285 Conn. 917, 943 A.2d 475 (2008).

The petitioner has not shown any deprivation of a constitutional right by his having been placed on administrative segregation. It was a decision within the respondent's discretion to classify the petitioner at the administrative segregation security level.

The petitioner also has no constitutional right to unearned statutory good time credits. "The [commissioner of correction], pursuant to General Statutes § 18-7a, has discretion to award or not award the credit allowed in that statute, but there is no statutory right to good time credit." Id., 77. "[P]ursuant to the plain language of § 18-7a (c),[8] the commissioner may award good time credits at his discretion. Section 18-81 expressly permits the commissioner to promulgate the prison's administrative rules. . . . [I]t is within the authority of the commissioner to promulgate rules that make an inmate ineligible to earn statutory good time. To conclude otherwise would render the discretionary nature of § 18-7a (c) superfluous." (Citations omitted; internal quotation marks omitted.) *Beasley* v. *Commissioner of Correction*, 50 Conn. App. 421, 434–35, 718 A.2d 487 (1998), aff'd, 249 Conn. 499, 733 A.2d 833 (1999). "Any of a host of administrative or disciplinary decisions made by prison authorities might somehow

---

[8] See footnote 3 of this opinion.

affect the timing of a prisoner's release, but such effects have never been held to confer a constitutionally protected liberty interest . . . . [T]he decision to deny inmates classified as safety threats the opportunity to earn the good time credits specified in § 18-7a (c) does not rise to the level of a constitutionally protected liberty interest." (Citation omitted; internal quotation marks omitted.) *Abed* v. *Commissioner of Correction*, 43 Conn. App. 176, 181–82, 682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996).

Accordingly, the respondent had the discretion to award good time credits; see General Statutes § 18-7a (c); and had the authority to promulgate rules that make an inmate ineligible to earn statutory good time. See General Statutes § 18-81. The respondent had the authority in this case to determine that, because of his overall behavior, the petitioner was ineligible to earn statutory good time credits, including seven day work week good time credits, during the time in which he was placed on administrative segregation. The petitioner had no protected liberty interest in "good time" not yet credited.

Having reviewed the record, and for the reasons set forth previously, we conclude that the petitioner has failed to establish that the issues he has raised are debatable among jurists of reason, that a court could have resolved them in a different manner or that the questions he has raised are adequate to deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Accordingly, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.