BERNARD GIPSON *v.* COMMISSIONER
OF CORRECTION
(AC 17745)

Lavery, C. J., and Schaller and Cretella, Js.

Submitted November 1—officially released December 25, 2001

*Michael L. Moscowitz*, special public defender, for the appellant (petitioner).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Rosita M. Creamer*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVERY, C. J. This case is before us on remand from our Supreme Court, which determined that an indigent criminal defendant, such as the petitioner, has a statutory right under General Statutes § 51-296 (a)[1] to the assistance of counsel for purposes of filing a petition for certification to the Supreme Court. *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 778 A.2d 121 (2001). After reversing this court's judgment, our Supreme Court remanded the case for us to determine whether the trial court properly concluded that the petitioner's right to counsel[2] had not been violated notwithstanding his appellate counsel's failure to file a petition for certification. Id., 652.

---

[1] General Statutes § 51-296 (a) provides in relevant part: "In any criminal action, in any habeas corpus proceeding arising from a criminal matter, in any extradition proceeding, or in any delinquency matter, the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . ."

[2] "The right to counsel is the right to the effective assistance of counsel. *Strickland* v. *Washington*, [466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]." *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995).

The following facts and procedural history are relevant to a resolution of the petitioner's appeal. The petitioner was represented by counsel on direct appeal and the subsequent amended petition for habeas corpus that is the subject of this appeal. *Gipson* v. *Commissioner of Correction*, 54 Conn. App. 400, 735 A.2d 847 (1999), rev'd, 257 Conn. 632, 778 A.2d 121 (2001). The petitioner claimed that he was deprived of the effective assistance of appellate counsel in pursuing a discretionary direct appeal in violation of the sixth and fourteenth amendments to the federal constitution; id., 403; and § 51-296 (a). Id., 406–407. Specifically, "[t]he petitioner alleged that appellate counsel failed to brief adequately the claims raised on direct appeal and neglected to file a petition for certification with our Supreme Court seeking discretionary review of this court's decision." Id., 402. The habeas court denied the petitioner's amended petition for a writ of habeas corpus and granted the petitioner's petition for certification to appeal. Id.

In our previous opinion in this case, we stated that "[a]s a threshold matter, we must determine whether the petitioner, as an indigent, was entitled to the assistance of appellate counsel in filing a petition for certification with our Supreme Court, seeking discretionary review of a final judgment [of] this court." Id., 403. We held that § 51-296 provides no such right. Id., 421. A concurring opinion expressed disagreement with the majority on the issue of whether a statutory right to counsel existed in this instance. Id., 421–34 (*Lavery, J.*, concurring). That opinion also analyzed each of the petitioner's claims on the merits and reached the conclusion that the trial court properly had determined that the petitioner had failed to satisfy the first prong of the *Strickland* standard,[3] and, therefore, that the

[3] "In *Strickland* . . . the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance

petitioner was not deprived of the effective assistance of appellate counsel. Id., 434–39. We repeat that opinion here for the purpose of making it the majority opinion.

I

The petitioner first claims that he was deprived of the effective assistance of appellate counsel when his attorney failed to file a petition for certification with our Supreme Court. We disagree.

Pursuant to § 51-296, the petitioner has a right to counsel in filing a petition for certification with our Supreme Court, and "[i]t would be absurd to have the right to appointed counsel who is not required to be competent." *Lozada* v. *Warden,* 223 Conn. 834, 838, 613 A.2d 818 (1992). "Indeed, § 51-296 would become an empty shell if it did not embrace the right to have the assistance of a competent attorney." Id., 839. For the petitioner to prevail on a claim of ineffective assistance of counsel, he has the burden of establishing that his counsel's performance was deficient, and that as a result of that performance he suffered actual prejudice. *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see *Hernandez* v. *State,* 127 Idaho 685, 687, 905 P.2d 86 (1995) (applying *Strickland* standard to petitioner's claim that counsel's failure to file petition for discretionary review with state Supreme Court constituted ineffective assistance of appellate counsel).

At a hearing before the habeas court, the petitioner testified that after this court had affirmed his conviction, he telephoned his attorney and asked her to file a petition for certification with our Supreme Court. Appellate counsel did not file the petition. Relying on *Sekou* v. *Warden,* 216 Conn. 678, 690, 583 A.2d 1277 (1990), the habeas court determined that an appellate

prejudiced the defense." (Citation omitted; internal quotation marks omitted.) *Adorno* v. *Commissioner of Correction,* 66 Conn. App. 179, 182, 783 A.2d 1202, cert. denied, 258 Conn. 943, 786 A.2d 428 (2001).

attorney's failure to seek discretionary review of an unmeritorious claim would not constitute conduct falling below the level of reasonably competent representation. See id. (holding that appellate counsel's failure to raise unmeritorious claim on direct appeal was not considered conduct falling below level of reasonably competent representation); see also *Williams* v. *Manson*, 195 Conn. 561, 564, 489 A.2d 377 (1985). After reviewing the record, the habeas court concluded that there were no issues worthy of certification by our Supreme Court and, therefore, appellate counsel's failure to file a petition for certification did not constitute conduct falling below the level of reasonably competent representation. The habeas court concluded that because the petitioner failed to demonstrate that his attorney's performance fell below the standard of reasonable competence, he did not satisfy the first prong of the *Strickland* standard.

On appeal, "[t]he underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Historical facts constitute a recital of external events and the credibility of their narrators. So-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in this sense. . . . Whether the representation a defendant received . . . was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 152–53, 662 A.2d 718 (1995).

Because the habeas court properly determined that the petitioner failed to satisfy the first prong of the *Strickland* standard, it is unnecessary to reach the second prong. *Johnson* v. *Commissioner of Correction*,

218 Conn. 403, 428–29, 589 A.2d 1214 (1991) (reviewing court can find against petitioner on either prong of *Strickland*). The first prong of the *Strickland* standard requires the petitioner to establish that his attorney's performance was deficient. *Strickland* v. *Washington*, supra, 466 U.S. 687. The proper standard for attorney performance under *Strickland* is one of "reasonably effective assistance." Id. The petitioner must demonstrate "that counsel's representation fell below an objective standard of reasonableness. . . . The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." (Citation omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 425.

After a careful review of the record applying the appropriate standard of review; see *Copas* v. *Commissioner of Correction*, supra, 234 Conn. 152–53; we agree with the habeas court that the performance of petitioner's appellate counsel, in not filing a petition for certification, did not fall below the standard of reasonable competence. Affirmance of the habeas court's decision is predicated on a careful consideration of the record in light of the factors set forth in Practice Book § 84-2. Section 84-2 provides in relevant part that "[c]ertification by the supreme court on petition by a party . . . will be allowed only where there are special and important reasons therefore . . . ." Section 84-2 lists several factors that, "while neither controlling nor fully measuring the court's discretion, indicate the character of the reasons which will be considered . . . ."

First, in affirming the judgment of conviction, the panel of three appellate judges did not decide "a question of substance not theretofore determined by the supreme court . . . ." Practice Book § 84-2 (1). In his direct appeal to this court, the petitioner claimed that the trial court had improperly denied his motion to suppress a witness' pretrial identification. The law con-

cerning pretrial identifications is well established in our state. See, e.g., *State* v. *Wooten*, 227 Conn. 677, 685–88, 631 A.2d 271 (1993); *State* v. *Colette*, 199 Conn. 308, 310–12, 507 A.2d 99 (1986). Second, there is no inconsistency between the panel's per curiam decision and other decisions from this court or the decisions of our Supreme Court. See Practice Book § 84-2 (1) and (2). Third, the petitioner does not cite, nor does the record disclose, any evidence that the panel "has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by any other court, as to call for an exercise of the supreme court's supervision." Practice Book § 84-2 (3). Fourth, a unanimous panel affirmed the petitioner's conviction. See Practice Book § 84-2 (5).

Moreover, the petitioner has the burden of establishing that his counsel's performance was deficient. *Strickland* v. *Washington*, supra, 466 U.S. 687; *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 455, 610 A.2d 598 (1992). At the habeas hearing, the petitioner's appellate counsel did not testify as to why she failed to file a petition for certification. Additionally, the petitioner did not offer any expert testimony that this case presented issues worthy of certification by our Supreme Court.

On the basis of all of the foregoing factors, we conclude that the habeas court properly determined that the petitioner did not satisfy the first prong of the *Strickland* standard and, therefore, he was not deprived of the effective assistance of appellate counsel.

## II

The petitioner next claims that he was denied the effective assistance of appellate counsel when his attorney failed to notify him of the full scope of his right to file a petition for certification. Specifically, the petitioner claims that General Statutes § 51-197f and Prac-

tice Book § 84-1 provide him with a right to file a pro se petition for certification seeking discretionary review of a final judgment from this court, and appellate counsel waived the petitioner's right, without first obtaining his consent, by failing to inform him that he could file a pro se petition for certification. The petitioner claims that appellate counsel's duty to notify him of this right flows logically from, inter alia, Practice Book § 43-30 and precedent concerning waiver of the right to appeal. The lack of an adequate record precludes review of this claim.

The habeas court signed the transcript of its oral decision and filed a copy with the clerk of the court. The signed transcript of the habeas court's oral decision is devoid of any reference to this specific claim. In particular, the signed transcript does not indicate whether the habeas court found that appellate counsel had notified the petitioner of his right to file a pro se petition for certification or whether counsel neglected to provide such notice. Without this predicate factual finding, it is not possible to review this claim. The burden of securing an adequate record for appellate review rests with the petitioner. *Evans* v. *Commissioner of Correction*, 37 Conn. App. 672, 689, 657 A.2d 1115, cert. denied, 234 Conn. 912, 660 A.2d 354 (1995). Although the petitioner could have ensured the adequacy of the record by filing a motion for articulation, he failed to seek articulation. The lack of an adequate record therefore precludes review of this claim.

### III

In his final claim, the petitioner contends that his attorney's failure to file a petition for certification with our Supreme Court deprived him of his only opportunity to seek review of this court's affirmance of his conviction, in violation of the reasoning underlying our

Supreme Court's decision in *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). We do not agree.

Although *Simms* and the present case address entirely different subject matter, the petitioner's argument relies on the reasoning underlying the decision in *Simms*. *Simms* established that a petitioner could appeal from a habeas court's denial of his request for certification to appeal the denial of a petition for a writ of habeas corpus. Id., 612. In the present case, the petitioner claims that, unlike the petitioner in *Simms*, who was afforded an opportunity to appeal the habeas court's denial of a request for certification to appeal, his attorney's failure to file a petition for certification with our Supreme Court deprived him of his only opportunity to seek review of this court's affirmance of his conviction.

The petitioner's claim fails because he ignores the relief potentially available through filing a petition for a writ of habeas corpus. "[General Statutes] § 52-470 (a) empowers the habeas court to dispose of cases 'as law and justice require.'" *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 148, 712 A.2d 947 (1998). Because the petitioner failed, however, to establish that counsel's failure to file a petition for certification constituted ineffective assistance of counsel, it is unnecessary to determine what type of relief might be available to him in a habeas proceeding.

The judgment is affirmed.

In this opinion the other judges concurred.