RICHARD JANULAWICZ *v.* COMMISSIONER
OF CORRECTION
(AC 31760)

Bishop, Lavine and Pellegrino, Js.

Argued January 13—officially released March 29, 2011

*Michael Proto*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, and *Kelly A. Masi*, assistant state's attorney, for the appellant (respondent).

*Martin Zeldis*, chief of legal services, with whom, on the brief, was *Kent Drager*, senior assistant public defender, for the appellee (petitioner).

*Opinion*

BISHOP, J. The respondent, the commissioner of correction, appeals following the habeas court's denial of his petition for certification to appeal from its judgment granting the petition for a writ of habeas corpus filed by the petitioner, Richard Janulawicz. The respondent claims that the habeas court abused its discretion in denying the petition for certification to appeal and that the court improperly granted the petition for a writ of habeas corpus on the basis that the petitioner's appellate counsel failed to seek certification for review by

the Supreme Court.[1] We agree and reverse the judgment of the habeas court.

The following factual and procedural history is pertinent to this appeal. On January 20, 2004, following the trial court's denial of his motion to suppress certain evidence, the petitioner entered conditional pleas of nolo contendere, pursuant to General Statutes § 54-94a,[2] to two counts of criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1), two counts of carrying a dangerous weapon in violation of

[1] Practice Book § 84-1 provides: "An appeal may be taken to the supreme court upon the final determination of an appeal in the appellate court where the supreme court, upon petition of an aggrieved party, certifies the case for review."

Practice Book § 84-2 provides: "Certification by the supreme court on petition by a party is not a matter of right but of sound judicial discretion and will be allowed only where there are special and important reasons therefor. The following, while neither controlling nor fully measuring the court's discretion, indicate the character of the reasons which will be considered:

"(1) Where the appellate court has decided a question of substance not theretofore determined by the supreme court or has decided it in a way probably not in accord with applicable decisions of the supreme court.

"(2) Where the decision under review is in conflict with other decisions of the appellate court.

"(3) Where the appellate court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by any other court, as to call for an exercise of the supreme court's supervision.

"(4) Where a question of great public importance is involved.

"(5) Where the judges of the appellate panel are divided in their decision or, though concurring in the result, are unable to agree upon a common ground of decision."

[2] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

General Statutes § 53-206 (a) and one count of threatening in the second degree in violation of General Statutes § 53a-62 (a) (1). The petitioner was subsequently sentenced to a total effective term of ten years incarceration, execution suspended after seven years, and three years of probation. On the petitioner's direct appeal to this court, based on the denial of his motion to suppress, this court affirmed the judgment of the trial court. *State* v. *Janulawicz*, 95 Conn. App. 569, 897 A.2d 689 (2006). At trial and on appeal, the petitioner was represented by attorney Deron Freeman, who did not seek certification to appeal this court's adverse opinion to the Supreme Court.

On August 5, 2009, the petitioner filed an amended petition for a writ of habeas corpus claiming that he was deprived of the effective assistance of counsel on the basis that Freeman failed to seek certification to the Supreme Court following his unsuccessful direct appeal to this court.[3] After trial, the habeas court found that Freeman's failure to seek certification to appeal this court's decision to the Supreme Court constituted deficient representation and that the petitioner was prejudiced by that deficiency. Accordingly, the habeas court restored the petitioner's right to file a petition for certification to appeal to the Supreme Court. The habeas court subsequently denied the respondent's petition for certification to appeal to this court. This appeal followed.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with

---

[3] The petition contained other allegations which were withdrawn by the petitioner prior to trial.

a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"A criminal defendant's right to the effective assistance of counsel extends through the first appeal of right and is guaranteed by the sixth and fourteenth amendments to the United States constitution and by article first, § 8, of the Connecticut constitution. . . . To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both

prongs are satisfied. . . . It is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier. . . .

"In cases involving claims of ineffective assistance of appellate counsel, our Supreme Court has instructed that, in determining whether a petitioner has satisfied the prejudice prong, the question is whether there is a reasonable probability that but for the error of counsel, the petitioner would have prevailed on his appeal. . . . We therefore undertake an analysis of the merits of the underlying claims. . . . Additionally, we note that the task before us is not to conclude definitively whether the petitioner, on appeal, would have prevailed on his claim . . . . Rather, the task before us is to determine, under *Strickland*, whether there is a *reasonable probability* that the petitioner would have prevailed on appeal." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Synakorn* v. *Commissioner of Correction*, 124 Conn. App. 768, 771–73, 6 A.3d 819 (2010).

Here, the habeas court determined that the petitioner had advised Freeman that he wished to seek certification to the Supreme Court, that Freeman had a continuing duty to preserve the petitioner's right to request certification, that Freeman did not file a petition for certification and that there was no evidence that Freeman had reviewed this court's opinion to determine whether there were any issues worthy of review by the Supreme Court. On that basis, the habeas court concluded that Freeman's failure to file a petition for certification constituted deficient performance.[4] Although we agree with the habeas court that Freeman

---

[4] The parties do not contest the well settled principle that a criminal defendant has a right to the assistance of counsel in connection with the filing of a petition for certification to appeal to the Supreme Court. See *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 634, 778 A.2d 121 (2001).

had a continuing duty to represent the petitioner in regard to the filing of a petition for certification to the Supreme Court, we do not agree that the failure to seek certification alone constitutes deficient performance absent evidence that issues worthy of pursuit could have been raised in such a petition. In short, we agree with the habeas court's determination that Freeman had a continuing duty to the petitioner to review this court's opinion in order to determine whether he could present any issues worthy of the Supreme Court's consideration in a petition for certification. We believe, as well, that if Freeman had conducted such a review, and determined that the petitioner's claims did not warrant review by the Supreme Court, his failure to seek certification would not have been deficient.[5] See *Fuller* v. *Commissioner of Correction*, 66 Conn. App. 598, 605, 785 A.2d 1143 (2001) (appellate counsel's performance not deficient when decision was made not to file petition for certification to appeal to Supreme Court because it would have been futile); *Gipson* v. *Commissioner of Correction*, 67 Conn. App. 428, 434, 787 A.2d 560 (2001) (appellate counsel's performance not deficient when petitioner failed to establish that his claims were worthy of consideration by Supreme Court).

The evidence adduced at trial supports the habeas court's finding that Freeman failed to undertake such a review. The petitioner introduced into evidence a letter that he had received from Freeman dated June 26, 2006, over two weeks after the twenty day period to seek certification had expired, in which Freeman informed the petitioner that his appeal to this court was unsuccessful and that if he wished to appeal to a higher court, he should seek counsel to assist him. The petitioner testified that Freeman never indicated to him that he had reviewed the claims; nor was there any

---

[5] Counsel obviously cannot be required to pursue claims wholly lacking in merit. See Rules of Professional Conduct 3.1.

direct evidence adduced at the habeas hearing that Freeman actually made a determination that there were no issues in this court's opinion worthy of further review by the Supreme Court.[6] Thus, although Freeman's representation of the petitioner was not necessarily ineffective based on his failure to seek certification to the Supreme Court, he was deficient in failing to timely review the petitioner's claims to determine if a petition for certification should be filed.

Although we conclude that Freeman's representation of the petitioner was deficient, satisfying the first prong of *Strickland*, the petitioner failed to introduce any evidence that he was prejudiced by Freeman's deficiency. Rather, the petitioner and the habeas court, relied on the fact that he was denied his opportunity to file a petition for certification to appeal to the Supreme Court as conclusive proof of prejudice in itself. Although we acknowledge that appellate decisional law regarding trial or appellate counsel's failure to preserve various posttrial procedural avenues of further relief does not present a neat mosaic of jurisprudence, our decisional law in this particular context has been consistent in requiring a habeas petitioner to demonstrate that, absent counsel's deficient performance in failing to file a petition for certification to appeal to the Supreme Court, it is reasonably probable that he would have prevailed on appeal.[7] See *Strickland* v. *Washington*,

---

[6] At the habeas hearing, Freeman testified that he could not recall what, if any, review he conducted in this regard. His testimony that it would have been his usual practice is inconsistent with the contents of his untimely letter to the petitioner in which he indicated that this court's decision "may be appealed" by the petitioner and that if he wished to do so, he should seek counsel.

[7] In different procedural contexts, this court and the Supreme Court have found that proof of counsel's failure to file for certain posttrial relief is, by itself, adequate to satisfy both *Strickland* prongs. In *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 707–708, 699 A.2d 1003 (1997), the Supreme Court found that the failure of habeas counsel to file a petition for certification to appeal from an adverse habeas decision establishes both deficient performance and prejudice without requiring proof of the probability of success on appeal. We believe, however, that *Iovieno* may

fairly be distinguished from the present case. In *Iovieno*, the court concluded that when the failure of counsel to petition for certification to appeal from a habeas judgment within the statutorily defined limitation period results in a complete denial of the petitioner's opportunity to appeal the habeas judgment, no further showing of prejudice is required under the *Strickland* analysis. The court in *Iovieno* concluded that "it serves no useful purpose to require the petitioner, who has been deprived of the opportunity to seek review of a habeas judgment due solely to the ineffective assistance of appellate counsel, to prove actual prejudice. The prejudice that results by virtue of being barred from the right to seek certification to appeal is obvious. We therefore hold that the petitioner was not required to establish actual prejudice or the likely success of his certification to appeal." Id. In reaching its conclusion, the court in *Iovieno* referred to cases in which "a direct appeal has been foreclosed." Id., 706. When appealing from a judgment of the habeas court, although a petitioner's right to appeal pursuant to General Statutes § 52-470 (b) is not absolute, an unsuccessful habeas petitioner nevertheless has the right to appeal the habeas court's denial of a petition for certification on the basis of an abuse of discretion. See *Simms* v. *Warden*, supra, 230 Conn. 612. In this attenuated way, we can say that a petitioner has been given a common-law right to appeal from an adverse determination of the habeas court. On review, in assessing whether the habeas court abused its discretion in denying a petition for certification, this court, by necessity, assesses the merits of a petitioner's underlying habeas claim. However, when seeking certification to the Supreme Court from an Appellate Court ruling, a petitioner has no statutory right of substantive review by the Supreme Court. Although a habeas court's denial of a petition for certification to appeal is subject to our review as an abuse of discretion, the Supreme Court's decision whether to grant an appeal from a decision of this court is not subject to further review. Thus, we have not found the reasoning of *Iovieno* applicable to the procedural facts that this appeal presents.

We recognize, as well, that our Supreme Court has affirmed a decision of the habeas court to restore the sentence review rights of a habeas petitioner without requiring proof of the likelihood of success before the sentence review division. *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 712 A.2d 947 (1998). However, in *James L.*, although the habeas court specifically found that prejudice was established on the basis that the petitioner had been denied the access to sentence review; id., 145; it does not appear that the issue of prejudice was litigated before the Supreme Court. Rather, the questions before the Supreme Court related to successive petitions and whether the habeas court had the jurisdiction to restore a right which, by statute, was time limited. Id., 136. In affirming the habeas court's action in restoring the right to sentence review, the focus of the Supreme Court's opinion was on the jurisdictional question and not on the habeas court's summary treatment of the issue of prejudice. Id., 145–48. Nevertheless, after *James L.*, this court has held that a petitioner was denied the effective assistance of counsel when his attorney failed to ensure that his application for sentence review was properly filed, even in the absence of

supra, 466 U.S. 694; *Reeves* v. *Commissioner of Correction*, 119 Conn. App. 852, 863–64, 989 A.2d 654 (petitioner failed to satisfy both prongs of *Strickland* because it was unlikely that the Supreme Court would have granted certification to review his case and "he could not prove to a reasonable probability that had the Supreme Court considered his appeal, the outcome would have been different"), cert. denied, 296 Conn. 906, 992 A.2d 1135 (2010).

The petitioner did not offer any evidence that this case presents any issues worthy of certification to the Supreme Court. Absent such evidence, the petitioner has failed to prove that it is reasonably probable that he would have prevailed in obtaining further review of his direct appeal had counsel not been deficient. His claim of ineffective assistance of counsel, therefore, must fail. Accordingly, we conclude that the respondent has demonstrated that his appeal is not frivolous, and, therefore, the habeas court abused its discretion in denying the respondent's petition for certification to

evidence of any likelihood of success before the sentence review division. Rather, this court held that the petitioner was prejudiced solely on the basis that he was denied the right to have his sentence reviewed. *Andrades* v. *Commissioner of Correction*, 108 Conn. App. 509, 515–16, 948 A.2d 365, cert. denied, 289 Conn. 906, 957 A.2d 868 (2008).

We leave to the Supreme Court to determine whether the thread of this court's cases requiring habeas petitioners to establish prejudice when counsel has failed to seek certification to appeal from our decisions is fairly distinguishable from those opinions regarding the right to seek certification to appeal an adverse habeas decision and those cases regarding sentence review. In the absence of a contrary ruling from the Supreme Court, we believe that a fair distinction can be made because cases involving sentence review and petitions for certification from habeas court judgments involve the loss of a right of substantive review while cases involving petitions for review to the Supreme Court from this court involve only the right to a discretionary review. Because the present case does not entail an automatic right to a further substantive review, we continue to adhere to the requirement that a habeas petitioner who claims that appellate counsel failed to file a petition for certification to the Supreme Court from an adverse decision of this court must prove prejudice by establishing a reasonable likelihood of success upon further review.

appeal to this court and incorrectly granted the petition for a writ of habeas corpus.

The judgment is reversed and the case is remanded with direction to render judgment denying the petition for a writ of habeas corpus.

In this opinion the other judges concurred.