DAUTI CONSTRUCTION, LLC *v.* PLANNING AND
ZONING COMMISSION OF THE
TOWN OF NEWTOWN
(AC 31495)

DiPentima, C. J., and Alvord and Pellegrino, Js.

Argued September 1—officially released December 28, 2010

*Robert A. Fuller*, for the appellant (defendant).

*Timothy S. Hollister*, with whom was *Ryan K. McKain*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, the planning and zoning commission of the town of Newtown (commission), appeals from the judgment of the trial court sustaining the appeal of the plaintiff, Dauti Construction, LLC, from the commission's denial of the plaintiff's affordable housing application for a twenty-six unit residential development. The commission denied the application for the primary reason that the plaintiff was unable to obtain a sewer connection permit for that development from the town's water and sewer authority. On appeal, the commission claims that the court improperly (1) sustained the plaintiff's appeal in this case because the trial court's concurrent decision in the plaintiff's appeal from the denial of the sewer connection permit[1] did not entitle the plaintiff to a sewer connection for twenty-six units, (2) sustained the plaintiff's appeal in this case before there was a final judgment in the plaintiff's appeal from the denial of the sewer connection permit and (3) remanded the matter to the commission for certain modifications to the plaintiff's proposed site plan instead of dismissing the appeal. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff, a limited liability company, owns a parcel of land located at 95 Church Hill Road in Newtown and is the contract purchaser of an adjacent parcel of land located at 99 Church Hill Road. The combined area of the two parcels (property) is approximately four and one-half acres. In February, 2006, the plaintiff submitted an application to the commission for a zone

---

[1] The plaintiff filed an appeal from the water and sewer authority's decision in the trial court pursuant to General Statutes § 7-246a (b). The trial court sustained the appeal. This court granted the water and sewer authority's petition for certification to appeal, and our decision in that appeal was released on the same date as this opinion. See *Dauti Construction, LLC* v. *Water & Sewer Authority*, 125 Conn. App. 652, 10 A.3d 84 (2010).

change to construct twenty-three residential units on the portion of the property located at 95 Church Hill Road.

In July, 2006, after having received a preliminary request for sewer service for the plaintiff's proposed development, the water and sewer authority sent a letter to the plaintiff and all town boards and departments recommending the denial of the plaintiff's application for a zone change. In August, 2006, the commission denied the plaintiff's application for several reasons, including the lack of approval to connect to the public sewer system.

Following the commission's denial, the plaintiff then signed a contract to purchase the adjacent land at 99 Church Hill Road. With the combined area of its property now totaling approximately four and one-half acres, the plaintiff submitted a three part affordable housing application to the commission in October, 2006, under General Statutes § 8-30g. The plaintiff sought (1) a text amendment to the zoning regulations to create a new mixed income housing district, (2) the rezoning of its property to the new mixed income housing district classification and (3) site development plan approval to construct a residential community comprised of twenty-six single-family dwelling units, with 30 percent of the units being designated as low and moderate income housing. The application also proposed the removal of the existing multifamily dwelling located at 99 Church Hill Road, which has an existing connection to the town's public sewer system.

After its receipt of the plaintiff's application, the commission held a public hearing that commenced on December 7, 2006, and was continued to January 18, 2007. In the meantime, the commission again requested review and comment from the water and sewer authority with respect to the plaintiff's new proposal. By memorandum dated January 16, 2007, the water and sewer

authority responded: "It is . . . clear that the proposed development does not meet current zoning as defined in the [water pollution control] [p]lan. The [p]lan makes clear that the term 'current' for zoning refers 'to the adoption date of this [priority] matrix, April 28, 1994.' [The plaintiff] has filed applications with [the commission] seeking amendments to the zoning regulations and a zone change for the subject property that would increase the number of units allowed per acre for the subject property. As such, there can be no disagreement that the [plaintiff's] proposal does not meet zoning requirements as they existed on April 28, 1994." The letter concluded with the statement that "there is insufficient sewer capacity for the development of the subject property as proposed by the [plaintiff]."

The commission closed the public hearing on January 18, 2007. On April 5, 2007, the commission denied the plaintiff's application for the primary reason that the plaintiff had failed to provide an adequate sewage disposal plan to meet the needs of the future residents of the development.[2] The plaintiff appealed from the commission's decision to the trial court.

---

[2] The resolution adopted by the commission read as follows: "AFTER CONSIDERING ALL THE INFORMATION ON THE RECORD BEFORE THE COMMISSION, THE PLAN OF CONSERVATION AND DEVELOPMENT (2004) AND AFTER BALANCING THE NEED FOR AFFORDABLE HOUSING IN NEWTOWN AGAINST THE NECESSITY TO PROTECT SUBSTANTIAL PUBLIC INTEREST IN HEALTH AND SAFETY, AND AFTER FULL CONSIDERATION OF AND BASED ON THE FINDINGS SET FORTH ABOVE, THE COMMISSION HEREBY RESOLVES TO DISAPPROVE THE APPLICATION FOR THE FOLLOWING REASONS:

"1. Proposed Amendment to create the [mixed income housing district] MIHD Zone:

"[a] There is a substantial public interest in assuring that adequate sanitary sewer disposal is available to the properties affected by the MIHD zone:

"(i) Pursuant to the provisions of the MIHD zone all affected properties will require sewer service. There are 29 sites which would be eligible for future development of affordable housing under the provisions of the proposed new zone. At least four of the 29 affected Properties are in addition to those which would already be permitted under the existing [affordable housing development] AHD zone.

The plaintiff's appeal from the commission's decision denying its affordable housing application was sched-

"(ii) The [water and sewer authority] WSA Water Pollution Control Plan does not allow any of the 29 affected parcels to be connected to the Newtown Waste Treatment Plant if developed under the provisions of the proposed new zone.

"(iii) Because an adequate sewage disposal plan has not been provided to meet the needs of future residents for the affected parcels the substantial public health interest in providing adequate sewage disposal needs for development outweighs the need for affordable housing.

"[b] There is a substantial public health interest in assuring that some form of sewage disposal or sewer service treatment would be provided for the newly created zone for moderate income housing development (MIHD):

"(i) The findings herein clearly support the conclusion that public sewers will not be available to development where the density would be greater than what previously existed based upon the communications from the WSA that the new zone is not entitled to a sewer allocation sufficient to support the new zone.

"(ii) Because the applicant has failed to provide an adequate sewage disposal plan to meet the needs of future residents of the MIHD zone, the evidence supports the conclusion that the substantial public health interest in providing sewers outweighs the need for affordable housing.

"[c] There is a substantial public health and safety interest in protecting against degradation of the public water supply.

"(i) Section 4.27.348 of the MIHD exempts applicants from complying with the provisions of 4.04 and 4.04.100 through 4.04.700 of the Zoning Regulations (which are the Newtown Aquifer Protection Regulations).

"(ii) Because the applicant has failed to provide a regulation that would ensure that adequate measures are taken to protect the sole source of the Public Water Supply, the substantial public health interest in providing protection of the public water supply outweighs the need for affordable housing.

"2. Proposed Change of Zone for the Property to MIHD classification.

"[a] There is a substantial public interest in assuring that adequate sanitary sewer disposal is available for development under the proposed Zone Change.

"(i) The findings herein clearly support the conclusion that public sewers will not be available to the Project based upon the communications from the WSA that the Property is not entitled to a sewer allocation sufficient to support the Project.

"(ii) Because the applicant has failed to provide an adequate sewage disposal plan to meet the needs of future residents of the Property (assume it is changed to a MIHD zone), the evidence supports the conclusion that the substantial public health interest in assuring that adequate sanitary sewer disposal is provided, outweighs the need for affordable housing.

"[b] The Commission disapproves the application to change the zoning classification of the Property because of its disapproval as set forth above of the creation of the MIHD zone.

uled for oral argument on the same date and before the same judge, *Tanzer, J.,* as the plaintiff's appeal from the water and sewer authority's denial of its application for a sewer connection permit. On June 1, 2009, the court issued its memoranda of decision in both cases sustaining the plaintiff's appeals. In the appeal from the decision of the water and sewer authority, the court concluded that the regulation that allocated sewer capacity on the basis of the zoning classification of the plaintiff's property in 1994 was invalid. Having reached that conclusion, the court sustained the appeal in this case because "the [water and sewer authority's] denial no longer provides an adequate basis for upholding the [commission's] denial even though the [commission's] reliance on that denial was a proper basis for its denial of the plaintiff's affordable housing application when it made its decision."

The court further found that the commission's denial of the application for the additional reason that the proposed mixed income housing district regulations did

---

"3. The proposed application to approve a site development plan for the Project:

"[a] There is a substantial public health interest in assuring that adequate sanitary sewer disposal is provided for the proposed Project:

"(i) The findings herein clearly support the conclusion that sewers will not be available to the Project based upon the communications from the WSA that the Property is not entitled to a sewer allocation sufficient to support the Project.

"(ii) Because the applicant has failed to provide an adequate sewage disposal plan to meet the needs of future residents of the Project, the evidence supports the conclusion that the substantial public health interest in providing sewers outweighs the need for affordable housing.

"[b] The proposed application is not in conformance with the requirements of Section 8-30g and the regulations promulgated by the Department of Economic and Community Development to implement such statute, for the reason that the affordable units are not comparable to the market value unit in one or more of the following respects:

"The affordable units have one fewer bathroom than the market rate units;

"The affordable units are smaller in size (floor area) than the market rate units."

not contain provisions for aquifer protection review was not necessary to protect substantial interests in health, safety or other matters that the commission legally could consider. The court concluded that the commission could have conditioned its approval on the inclusion of such provisions in the proposed regulations. With respect to the commission's denial of the plaintiff's site plan application for the stated reason that the affordable housing units had one less bathroom and a smaller floor area than the market rate units, the court concluded that this defect in the application could be corrected by reasonable modifications to the plan. Accordingly, the court sustained the appeal and remanded the matter to the commission "to modify the proposed regulations to provide for aquifer protection[3] and to modify the plans as necessary to change the affordable unit and market value unit designations such that the affordable units are comparable to the market value units." The commission filed the present appeal after this court granted its petition for certification to appeal.

We first set forth the applicable legal principles and standard of review that guide our analysis. "[I]n conducting its review in an affordable housing appeal, the trial court must first determine whether the decision from which such appeal is taken and the reasons cited for such decision are supported by sufficient evidence in the record. General Statutes § 8-30g (g). Specifically, the court must determine whether the record establishes that there is more than a mere theoretical possibility, but not necessarily a likelihood, of a specific harm to the public interest if the application is granted. If the court finds that such sufficient evidence exists,

[3] At oral argument before this court, counsel for the commission confirmed that the commission is not challenging the court's decision with respect to modification of the proposed regulations to include aquifer protection provisions.

then it must conduct a plenary review of the record and determine independently whether the commission's decision was necessary to protect substantial interests in health, safety or other matters that the commission legally may consider, whether the risk of such harm to such public interests clearly outweighs the need for affordable housing, and whether the public interest can be protected by reasonable changes to the affordable housing development." (Internal quotation marks omitted.) *River Bend Associates, Inc.* v. *Zoning Commission*, 271 Conn. 1, 26, 856 A.2d 973 (2004).[4]

I

The commission's first claim is that the trial court improperly sustained the plaintiff's appeal in this case because its concurrent decision in the plaintiff's appeal from the denial of the sewer connection permit did not entitle the plaintiff to a sewer connection for twenty-six residential units in the proposed development. The parties agreed at oral argument that our decision in *Dauti Construction, LLC* v. *Water & Sewer Authority*, 125 Conn. App. 652, 10 A.3d 84 (2010), which was released on the same date as this opinion, would be dispositive of this issue. In that decision, we concluded that the court properly sustained the plaintiff's appeal from the water and sewer authority's denial of the sewer connection permit because the 1994 priority matrix in the sewer use regulations, as applied to the plaintiff's application, was invalid. We remanded the matter to the trial court with direction to render judgment directing the water and sewer authority to approve the plaintiff's sewer permit application under terms and

---

[1] "Because the plaintiff[s'] appeal to the trial court is based solely on the record, the scope of the trial court's review of the [commission's] decision and the scope of our review of that decision are the same." (Internal quotation marks omitted.) *Quarry Knoll II Corp.* v. *Planning & Zoning Commission*, 256 Conn. 674, 726 n.29, 780 A.2d 1 (2001).

conditions as the water and sewer authority might reasonably prescribe in accordance with that application. Accordingly, in this case, we conclude that the commission's denial of the plaintiff's affordable housing application for lack of an adequate sewage disposal plan is no longer a valid reason for denial.

## II

The commission's next claim is that the trial court improperly sustained the plaintiff's appeal in this case before there was a final judgment in the plaintiff's appeal from the denial of the sewer connection permit. Specifically, the commission argues that "the trial court should have deferred judgment in this case until the dispute between the plaintiff and the [water and sewer authority] was resolved." We decline to review this claim.

The plaintiff's appeals from the decisions of the water and sewer authority and the commission were argued before the trial court on November 18, 2008. At that time, the commission did not move to stay this case or request that the court defer its ruling in the affordable housing appeal until all appeals from the denial of the sewer connection permit had been finally resolved. Furthermore, the commission's trial brief and reply brief make no such request. The parties agreed and represented to the trial court that the outcome of the appeal from the commission's decision depended on whether the water and sewer authority properly denied the application for the sewer permit. The trial court, therefore, reasonably could have assumed that the parties desired and expected simultaneous decisions.

"[A] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one." (Internal quotation marks omitted.) *Ingels* v. *Saldana*, 103 Conn. App. 724, 730, 930 A.2d 774 (2007). "For this court to . . . consider [a] claim on the basis

of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both to the [court] and to the opposing party." (Internal quotation marks omitted.) *Gilbert* v. *Beaver Dam Assn. of Stratford, Inc.*, 85 Conn. App. 663, 680, 858 A.2d 860 (2004), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005).[5]

### III

The commission's final claim is that the trial court improperly remanded the matter to the commission for certain modifications to the plaintiff's proposed site plan instead of dismissing the appeal. The commission argues that the court's finding that the proposed affordable housing units were not comparable to the market rate units with respect to size and design required a dismissal because the defects were violations of § 8-30g and General Statutes § 8-2g. According to the commission, modifications are permissible only when a plan fails to comply with the commission's regulations, but modifications are not permissible when the plan fails to meet statutory requirements. We disagree.

One of the commission's stated reasons for denial was that the application was not in conformance with the requirements of the affordable housing statute. Specifically, the commission stated that the affordable units were not comparable to the market value units because they had one fewer bathroom and a smaller floor area. The trial court agreed with the commission that there were discrepancies between the affordable units and the market value units but concluded that those discrepancies could be addressed by reasonable changes to the application. Accordingly, the court remanded the matter to the commission with direction to modify the

---

[5] Moreover, at oral argument before this court, counsel for the commission conceded that the resolution of the affordable housing appeal would not be "premature" once this court decided the appeal from the denial of the sewer connection permit.

plans "designating an equal percentage of units with one fewer bathroom as market priced units and affordable units, and designating an equal percentage of units with one additional bathroom as market priced units and affordable units."[6]

The commission has cited no case law in support of its argument. Significantly, the language of the statute, which permits a court to make modifications to a commission's decision, does not provide that modifications are allowed only if the application's noncompliance pertains to municipal regulations as opposed to statutory provisions. Section 8-30g (g) provides in relevant part: "Upon an appeal taken under subsection (f) of this section, the burden shall be on the commission to prove, based upon the evidence in the record compiled before such commission that the decision from which such appeal is taken and the reasons cited for such decision are supported by sufficient evidence in the record. The commission shall also have the burden to prove, based upon the evidence in the record compiled before such commission, that (1) (A) the decision is necessary to protect substantial public interests in health, safety, or other matters which the commission may legally consider; (B) such public interests clearly outweigh the need for affordable housing; and (C) such public interests cannot be protected by reasonable changes to the affordable housing development . . . . *If the commission does not satisfy its burden of proof under this subsection, the court shall wholly or partly revise, modify, remand or reverse the decision from which the appeal was taken in a manner consistent*

---

[6] As noted by the trial court, "[t]he [commission] concedes that this defect could be corrected by reasonable changes to the application, but argues that such a modification would require a new application with new development and architectural plans and not merely a remand to the [c]ommission because the [plaintiff] did not follow the affordable housing statute." (Internal quotation marks omitted.) In other words, the commission is not challenging the reasonableness of the modifications imposed by the trial court.

*with the evidence in the record before it."* (Emphasis added.)

"Issues of statutory construction raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 847, 937 A.2d 39 (2008). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Alvord Investment, LLC* v. *Zoning Board of Appeals*, 282 Conn. 393, 401–402, 920 A.2d 1000 (2007). The language of § 8-30g (g) *does not provide* that the court's power to modify a commission's decision depends on whether the defect in the application is one involving noncompliance with a municipal regulation or noncompliance with a statutory provision. The authority to modify, as provided by the legislature, is not qualified in the manner argued by the commission. Accordingly, we will not construe the unambiguous language of § 8-30g (g) to restrict the authority of the court to defects in applications arising from noncompliance with municipal regulations only.

We conclude that the trial court properly sustained the plaintiff's appeal on the ground that the commission's stated reason for its denial, i.e., lack of adequate sewerage, no longer served as a valid reason for the denial of the plaintiff's affordable housing application. We further conclude that the court properly remanded

the matter to the commission to effect the reasonable modifications imposed by the court.

The judgment is affirmed.

In this opinion the other judges concurred.