RICHARD KOSLIK *v.* COMMISSIONER
OF CORRECTION
(AC 31232)

Bishop, Alvord and West, Js.

Argued February 4—officially released April 12, 2011

*Alan Jay Black,* for the appellant (petitioner).

*Leon F. Dalbec, Jr.,* senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy,* state's attorney, and *Erika L. Brookman,* assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Richard Koslik, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, he claims that the court abused its discretion in denying certification to appeal and improperly rejected his claim of ineffective assistance of trial counsel. We conclude that the court improperly denied certification to appeal. Nevertheless, we agree with the

court's determination that the petitioner failed to prove ineffective assistance of counsel and, accordingly, affirm the judgment of the habeas court.

The record reveals the following factual and procedural history. On August 26, 1998, the department of consumer protection (department) suspended the petitioner's registration as a home improvement contractor. Thereafter, in February of 2001, the petitioner was hired by Christine Burns in connection with a home remodeling project. When the petitioner failed to complete the project, Burns filed a complaint with the department. The department investigated the complaint, and the petitioner was subsequently arrested. Following a jury trial in 2002, during which he was represented by attorney Donald Gaudreau, the petitioner was convicted of one count of representing himself falsely as or impersonating a registered home improvement contractor in violation of General Statutes (Rev. to 2001) § 20-427 (b) (3) and one count of offering to make a home improvement without being registered as a home improvement contractor in violation of § 20-427 (b) (5).[1] He was sentenced to a total effective term of one year incarceration, suspended after 180 days, and three years of probation. This court upheld his conviction on direct appeal. See *State* v. *Koslik*, 80 Conn. App. 746, 747–49, 837 A.2d 813, cert. denied, 268 Conn. 908, 845 A.2d 413 (2004).

In January, 2004, the petitioner commenced the present habeas action. He filed a pro se amended petition for a writ of habeas corpus on January 12, 2007,[2] alleging

---

[1] General Statutes (Rev. to 2001) § 20-427 (b) provides in relevant part: "No person shall . . . (3) represent himself falsely as, or impersonate, a registered home improvement contractor or salesman [or] . . . (5) offer to make or make any home improvement without having a current certificate of registration under this chapter . . . ."

[2] At the time the petition was filed, the petitioner was serving the probationary portion of his sentence, which fulfilled the jurisdictional requirement of General Statutes § 52-466 that a habeas petitioner be in custody. See *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 529–31, 876 A.2d

ineffective assistance of trial counsel, among other claims. Following a trial, the court denied the petition on May 29, 2009, and subsequently denied certification to appeal on June 9, 2009. This appeal followed.

We first review the habeas court's denial of the petition for certification to appeal. In this regard, the petitioner claims that the issues he presented were debatable among jurists of reason and, therefore, that the court abused its discretion in denying certification to appeal from the denial of his habeas petition. We begin our analysis of this issue with the well established standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 125 Conn. App. 641, 646, 9 A.3d 402 (2010); see also *Simms* v. *Warden*, 230 Conn. 608, 612–18, 646 A.2d 126 (1994).

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of

1178 (2005). Although the probation appears to have expired before this appeal was filed, this court has continuing jurisdiction over the petition, and it is not moot. See id., 529–30.

ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, supra, 125 Conn. App. 646–47.

In our review of the petitioner's substantive claims, "although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Synakorn* v. *Commissioner of Correction*, 124 Conn. App. 768, 771, 6 A.3d 819 (2010). "According to the standard enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner alleging ineffective assistance of counsel must establish that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, supra, 125 Conn. App. 647. "The claim will succeed only if both prongs are satisfied. . . . It is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier." (Emphasis in original; internal quotation marks omitted.) *Synakorn* v. *Commissioner of Correction*, supra, 772.

Accordingly, in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal, we must consider the merits of the petitioner's underlying claim that his trial

counsel rendered ineffective assistance. The claim contains numerous allegations asserting, in short, that counsel deficiently failed (1) to pursue all available defenses, (2) to conduct adequate pretrial discovery and (3) to prevent the introduction of unfavorable evidence, and that the petitioner was prejudiced as a result.[3] We consider each in turn.

I

The petitioner contends that counsel deficiently pursued one theory of defense to the exclusion of other available defenses. At the petitioner's criminal trial, Gaudreau argued that the written contract stated, "no installation," that the petitioner performed no installation and, therefore, that § 20-427 of the Home Improvement Act did not apply to the petitioner.[4] The state countered with evidence that the petitioner did perform installation. The petitioner asserts that Gaudreau also

[3] The petitioner also claims on appeal that the court improperly precluded him from introducing evidence of the prior disciplinary record of a witness, who was the prosecutor at his criminal trial, for the purpose of impeachment. At trial, however, he offered the prior misconduct evidence not for impeachment but as substantive evidence that the prosecutor had acted unethically in the present case. "[W]e have consistently declined to review claims based on a ground different from that raised in the trial court . . . ." (Internal quotation marks omitted.) *State* v. *Ouellette*, 110 Conn. App. 401, 407, 955 A.2d 582 (2008), aff'd, 295 Conn. 173, 989 A.2d 1048 (2010). Accordingly, we decline to review this claim.

Additionally, the petitioner makes several claims that are inadequately briefed. He claims that counsel was burdened by a conflict of interest, failed to call crucial witnesses and failed to object to the court's jury charge. Aside from asserting these claims, the petitioner has made no argument nor cited to any supporting relevant decisional law. "Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 796, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009). Accordingly, we decline to review these claims.

[4] General Statutes § 20-419 (4) provides in relevant part: " 'Home improvement' does not include . . . (B) the sale of goods by a seller who neither arranges to perform nor performs, directly or indirectly, any work or labor in connection with the installation or application of the goods or materials . . . ."

should have argued, as alternative theories, that the petitioner was neither a contractor nor a salesperson as defined by § 20-427, that he was a subcontractor on the project and/or that the moneys he received for installation services fell below the minimum amount covered by the statute. The habeas court, however, found that Gaudreau reasonably rejected these alternative and inconsistent theories because they could have been discredited easily by evidence to the contrary. Additionally, the court found that the petitioner undermined the defense strategy by testifying against the advice of counsel, which opened the door to damaging rebuttal testimony.

On the basis of our review, we believe that the record supports the court's findings in this regard. We also note that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." (Citation omitted.) *Strickland* v. *Washington*, supra, 466 U.S. 689. In light of the foregoing, we conclude that the court properly determined that counsel's general defense strategy was reasonable under the circumstances.

## II

The petitioner next contends that counsel deficiently did not file discovery motions, did not request a bill of particulars and did not request a continuance when the state moved to correct the date of the charged conduct

on the morning of trial. He claims that, as a result, counsel was unprepared to defend him effectively. The petitioner particularly points to Gaudreau's testimony at the habeas trial that he did not know exactly what Burns' testimony was going to be. He argues that Gaudreau could have anticipated this testimony by filing pretrial discovery motions. Additionally, the petitioner points to Gaudreau's testimony that he did not know what specific dates the state was referring to when it cited conduct "on dates subsequent" in its substitute information. The petitioner argues that counsel could not have prepared an adequate defense without this knowledge.

The petitioner, however, does not point to any information absent from counsel's file that could have been obtained by way of a pretrial motion for discovery. The record reveals that Gaudreau had a copy of Burns' complaint to the department, which was the best available predictor of her testimony. The petitioner also fails to specify on appeal how a bill of particulars or motion for continuance could have aided his defense at trial. Although he did argue before the habeas court that it was prejudicial for counsel not to pinpoint the "dates subsequent" because they fell outside the statute of limitations, the court properly rejected this argument, and the petitioner has not raised it on appeal. Rather, his claim that pretrial motions would have improved his defense is unsupported. We conclude, therefore, that the court properly determined that the petitioner failed to demonstrate that he was prejudiced by counsel's failure to file pretrial motions.

III

The petitioner's final contention is that counsel was deficient in failing to keep unfavorable evidence from the jury. Most of his allegations in this regard do not warrant exhaustive review. He alleges that Gaudreau

introduced a "mug shot" of the petitioner into evidence. The photograph was part of the state investigator's report, which was submitted in its entirety as a defense exhibit. Having reviewed the exhibit, we find no basis for this claim. If the photograph is a mug shot, there is nothing in the image to lead a stranger to that conclusion. Information that the petitioner may have known about the circumstances under which it was taken cannot be imputed to the jury on the basis of the photograph in question.

The petitioner also alleges that Gaudreau should have objected to Burns' testimony concerning her understanding of the written contract because the trial court had declared this information to be irrelevant. We note, in this regard, that "[t]he decision of a trial lawyer not to make an objection is a matter of trial tactics, not evidence of incompetency. . . . [T]here is a strong presumption that the trial strategy employed by a criminal defendant's counsel is reasonable and is a result of the exercise of professional judgment . . . ." (Citation omitted; internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 109 Conn. App. 758, 768–69, 953 A.2d 685, cert. denied, 289 Conn. 950, 961 A.2d 417 (2008).

Additionally, the petitioner alleges that Gaudreau did not control adequately his cross-examination of the state's main witness but, rather, allowed the witness to ramble.[5] It appears that this particular argument was not raised before the habeas court, and, therefore, we will not consider it. See *Dauti Construction, LLC* v. *Planning & Zoning Commission*, 125 Conn. App. 665, 674–75, 10 A.3d 92 (2010) (this court does not consider claim on basis of specific legal ground not raised during

---

[5] In making the following statement to the witness, the trial court seems to have implied that counsel was not controlling her adequately: "Ma'am, I'm going to stop you now. You're rambling, and no one else is going to stop you."

trial). Regardless, as the court commented, the record reveals that, on balance, the cross-examination impeached the credibility of the state's witnesses and elicited information that was beneficial to the petitioner. Therefore, on the basis of our review of the record, we conclude that the foregoing allegations demonstrated neither deficiency nor resulting prejudice.

The petitioner raises two other allegations of deficiency, however, that are more problematic. Because we believe these issues are debatable among jurists of reason, the trial court should have granted certification to advance these claims on appeal. See *Simms* v. *Warden*, supra, 230 Conn. 616. Both claims relate to trial counsel's handling of evidentiary issues at trial. Reasonable jurists could disagree as to whether counsel's actions at trial reflect reasonable strategic decisions or mistakes in judgment amounting to ineffectiveness.

One claim relates to evidence of prior disciplinary action against the petitioner that counsel permitted to come to the jury's attention. The following additional facts are relevant to this claim. At the criminal trial, the state's investigator testified that she knew the petitioner from prior civil and criminal investigations and that his registration as a home improvement contractor had been suspended involuntarily. The petitioner asserts that Gaudreau should have prevented the jury from hearing this patently damaging testimony. He argues that Gaudreau could have stipulated before the trial that the petitioner's registration was not active on the relevant dates and that counsel could and should have made a motion in limine to prevent reference to the involuntary suspension. Furthermore, the petitioner argues that, at the very least, when the investigator testified to these prejudicial facts, Gaudreau should have objected to the testimony as irrelevant and prejudicial and sought a limiting instruction.

The second claim in this regard relates to the introduction as a full exhibit at the criminal trial, at his own counsel's instance, of the investigator's report, which expressly states that "Richard Koslik d/b/a Ready Company appears to be in violation of probation resultant from other home improvement criminal cases." The petitioner argues that Gaudreau was deficient in introducing evidence revealing his own client's prior conviction for the very behavior for which he was on trial.

As we have noted, there is a strong presumption that counsel's strategic decisions are reasonable. See *Mitchell* v. *Commissioner of Correction*, supra, 109 Conn. App. 768. "Competent representation is not to be equated with perfection." (Internal quotation marks omitted.) Id., 767. In assessing counsel's strategic decisions, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* v. *Washington*, supra, 466 U.S. 689.

The record reveals that counsel's decision not to conceal the petitioner's history was strategic. As Gaudreau acknowledged at the habeas trial, he could have filed motions in limine or made more objections to prejudicial testimony. It is also arguable, in regard to the investigator's report, that the reference to prior convictions could have been redacted or, alternatively, that Gaudreau could have elicited the beneficial information contained in the document from the witness herself without submitting it as a full exhibit. As he testified at the habeas trial, however, he strategically decided not to try to conceal the petitioner's history from the jury because the information likely would have emerged regardless, and the attempt to hide it would have

increased its prejudicial impact.[6] He noted in particular that the information regarding the suspension was likely to come to light in conjunction with the petitioner's attempt to explain why he wrote the curious "no installation" disclaimer on the contract.

We find these strategic decisions to be potentially problematic. However, even if these decisions could be found to reflect deficient performance, we conclude, on the basis of our thorough review of the record and in light of the abundant evidence supporting the conviction, that the petitioner was not prejudiced by the manner of counsel's trial advocacy. Section 20-427 requires the state simply to prove that the defendant engaged in the prohibited conduct, which was impersonating a home improvement contractor and offering to make home improvements. The state's evidence that the petitioner engaged in this conduct was strong, and he has not demonstrated a reasonable probability that the outcome of the trial would have been different had counsel dealt with the prior misconduct evidence in a different manner.

[6] During the petitioner's examination of Gaudreau, Gaudreau testified in relevant part: "I think I've stated earlier that the position with respect to your past was that we were not going to try to keep that away from the jury. . . . [T]he harder you fight to try to keep that information from the jury, I think, the more of an impact it makes on the jury if it comes out. And I thought that there were certainly many opportunities when that information would come out. So the way to address that problem was not to run away from your past. You had written 'no installation' on a contract. . . . [T]hat's a curious thing to put on a contract and would have needed to be explained. And the explanation was, you knew that you couldn't do installation because you didn't have a registration and that was the deal you made with Mrs. Burns. . . .

"And that was basically the defense . . . .

"I mean motions in limine could have been filed. There were objections [that] could have been made. Arguments could have been made early on to the jury. But there were in addition . . . a number of reasons why I thought it just might come out anyway or that the jury would at least understand that there must have been a reason that your registration was suspended, that the better approach was to just acknowledge what it was and to segue and tie that in to what you wrote on the contract . . . ."

Having determined that reasonable jurists might debate some of the issues raised on appeal, we conclude that the court abused its discretion in denying certification to appeal. Nevertheless, because the petitioner has failed to demonstrate ineffective assistance of counsel, the court properly denied his petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.