******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HAYES FAMILY LIMITED PARTNERSHIP ET AL.
*v.* TOWN OF GLASTONBURY
(AC 37827)

Beach, Alvord and West, Js.

*Argued April 5—officially released June 28, 2016*

(Appeal from Superior Court, judicial district of Hartford, Land Use Litigation Docket, Aurigemma, J. [motion to dismiss, judgment]; Berger, J. [motion to dismiss, judgment].)

*Richard P. Weinstein*, with whom, on the brief, was *Sarah Black Lingenheld*, for the appellants (plaintiffs).

*Matthew Ranelli*, with whom was *Andrea L. Gomes*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiffs, Hayes Family Limited Partnership, Richard P. Hayes, Jr., and Manchester/Hebron Avenue, LLC, appeal from the judgment of the trial court granting the motion to dismiss their action filed by the defendant, the town of Glastonbury. The court dismissed the plaintiffs' inverse condemnation action on the ground that they failed to meet the finality requirement for a claim of a regulatory taking of property without just compensation in violation of article first, § 11, of the Connecticut constitution and the fourteenth amendment to the United States constitution. Specifically, the plaintiffs claim that the court improperly (1) failed to consider the prior application rule and its preclusive effect on future applications for a special permit, (2) failed to conclude that this court's decision in *Hayes Family Ltd. Partnership* v. *Town Plan & Zoning Commission*, 115 Conn. App. 655, 974 A.2d 61, cert. denied, 293 Conn. 919, 979 A.2d 489 (2009), contains "findings [that] doom any alternative commercial development at the subject site," (3) concluded that the plaintiffs' single application for a special permit was not sufficient to establish finality, (4) failed to consider whether the plaintiffs' property could be used for any economically viable use,[1] and (5) dismissed their claims where the application of the town zoning regulations resulted in at least a partial taking of their property.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiffs' claims. On June 27, 2005, the plaintiffs filed an application for a special permit to construct a CVS pharmacy located on 2.4 acres of land located at the corner of Hebron Avenue and Manchester Road in Glastonbury. The subject property is zoned for commercial development, but all uses require a special permit with design review approval. The property is abutted by an established single-family neighborhood in a rural residential zone. Following an extended public hearing, the town's Plan and Zoning Commission (commission) denied the application because of its scale and intensity in relation to the size and topography of the parcel, its impact on and lack of compatibility with the existing neighborhood, and the inadequacy of the proposed landscaping.

The plaintiffs appealed from the commission's decision to the Superior Court, which dismissed their appeal on the ground that the decision was supported by substantial evidence in the record. Following this court's granting of the plaintiffs' petition for certification to appeal, they filed their appeal challenging the trial court's determination. This court affirmed the judgment of the trial court. *Hayes Family Ltd. Partnership* v. *Town Plan & Zoning Commission*, supra, 115 Conn. App. 655.

On October 1, 2009, the plaintiffs commenced the present action against the defendant, claiming that the denial of their application for a special permit "preclude[d] any reasonable economical development of the site and constitute[d] a[n] [unconstitutional] taking without just compensation . . . ." The defendant filed a motion to dismiss the complaint, arguing that the facts as pleaded were insufficient to establish the finality required for an unconstitutional taking claim. The court, *Aurigemma, J.*, concluded that the plaintiffs had failed to establish that the commission would not allow any reasonable alternative use of the property and dismissed the action. On appeal, this court concluded that the trial court should have held an evidentiary hearing before deciding the motion to dismiss and, therefore, reversed the judgment and remanded the case for further proceedings. *Hayes Family Ltd. Partnership* v. *Glastonbury*, 132 Conn. App. 218, 219, 31 A.3d 429 (2011).

On remand, the court, *Berger, J.*, by agreement of the parties, conducted a trial on the merits, but in a bifurcated manner. The parties agreed that if the court concluded that the plaintiffs had established finality, the court would deny the motion to dismiss and then determine whether they had proved their claim of inverse condemnation. After several days of evidence, the parties filed posttrial briefs for the court's consideration. On February 6, 2015, the court issued its memorandum of decision granting the defendant's motion to dismiss and rendering judgment of dismissal.

In its decision, the court recited the factual and procedural background of the case, the case law applicable to regulatory taking actions, the case law applicable to the finality requirement, and a summary of the testimony and exhibits presented to the court with respect to proposed alternatives for development at the site. The court, in a comprehensive and well reasoned decision, addressed the plaintiffs' claims as set forth during the trial and in their posttrial brief, and concluded that they "failed to meet their burden to prove finality." In reaching that conclusion, the court stated: "The rejection of the 13,000 square foot CVS prototype, without examining whether an alternative might pass muster, does not establish finality. Moreover, this court does not agree with the plaintiffs that a revised application for a different development with presumably a different impact might not be acceptable under the reasons for denial in the first application."

We conclude that the record supports the court's factual and legal bases for its conclusion that the plaintiffs failed to satisfy the finality requirement for judicial review of an inverse condemnation claim. It would serve no useful purpose for this court to repeat the analysis contained in the trial court's decision. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243

Conn. 239, 241, 702 A.2d 638 (1997). We therefore adopt that decision as the proper statement of the relevant facts, issues, and applicable law. See *Hayes Family Ltd. Partnership* v. *Glastonbury*, 166 Conn. App.     ,     A.3d     (2015) (appendix).

We do believe, however, that it would be helpful to provide additional analysis with respect to two of the plaintiffs' arguments that they claim were not addressed or were inadequately addressed by the trial court in its decision. Those particular claims relate to the alleged preclusive effect of the prior application rule and this court's decision in *Hayes Family Ltd. Partnership* v. *Town Plan & Zoning Commission*, supra, 115 Conn. App. 655, on any future applications for a special permit.[3] Although the trial court concluded that the commission's denial of the first application did not logically require the denial of a less ambitious revised plan, the court did not provide a detailed explanation for its rejection of those claims.

I

PRIOR APPLICATION RULE

"When a party files successive applications for the same property, a trial court's inquiries may vary depending on whether the application before the zoning agency is an application for a variance or an application for a permit. In considering a subsequent variance application where it has already denied a similar prior one, [a] zoning board of appeals is generally precluded from reversing a prior decision unless there has been a material change of conditions, or other considerations have intervened affecting the merits, and no vested rights have arisen. . . . The board is disallowed from revisiting its prior determination that the requirements for a variance are not present because, if a reversal of that determination was allowed, there would be no finality to the proceeding [and] the result would be subject to change at the whim of members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence. . . .

"Finality of decision is just as desirable in the case of an exception [or permit] as in one involving a variance. Because of the nature of an exception [or permit], however, the power of a zoning board to review a prior decision denying the exception [or permit] is not limited, as it is when a variance is sought, to the two situations mentioned above. An additional situation arises when the owner requesting an exception [or permit] files a subsequent application altering the plan under which he previously sought the exception [or permit], in order to meet the reasons for which the board denied the prior one. . . . To justify a special exception [or permit] . . . it must appear that the manner in which the owner proposes to use his property

will satisfy the conditions imposed by the regulations. If, therefore, upon a second request for a special exception [or permit], there is a substantial change in the manner of use planned by the owner, the board is faced with an application materially different from the one previously denied. It may well be that the new plan, by reason of the changes made therein, will succeed, where the former failed, in satisfying the conditions enumerated in the regulations. Under such circumstances, the board is not precluded from granting the second application merely because it has denied the first. . . .

"A subsequent [permit] application made in order to bring a prior application into compliance with applicable regulations, no matter how minor the work involved may be, is clearly not minor in regard to its significance and effect. . . . The board may grant the exception [or permit] once it finds that all the requirements of the ordinance have been satisfied . . . ." (Emphasis omitted; internal quotation marks omitted.) *Grasso* v. *Zoning Board of Appeals*, 69 Conn. App. 230, 244–46, 794 A.2d 1016 (2002); see also *Richardson* v. *Zoning Commission*, 107 Conn. App. 36, 43–44, 944 A.2d 360 (2008).

In the present case, the plaintiffs argue that the "commission will be bound under the prior application rule from allowing any reasonable commercial use of the property" because "[d]ue to the size, location, and topography of the subject property, any viable commercial development will present at least one of the issues that caused the denial of the CVS application." During the trial, as noted by the trial court, alternative proposals were offered to demonstrate uses that could be made of the property. Although the plaintiffs contended that they would not be accepted by the commission because *any* commercial development would result in an adverse impact to the neighborhood, it is sheer speculation to assume that a less intensive proposal than the one originally submitted would be denied by the commission. It is true that, under the prior application rule, the plaintiffs could not submit the same proposal for approval; however, changes made to bring a future application into compliance with the regulations may or may not be acceptable to the commission."[B]y refusing to engage the commission in the zoning approval process, [the applicant] eliminated the possibility that this matter could be resolved by local political choices and settlements." *Lost Trail, LLC* v. *Weston*, 140 Conn. App. 136, 149, 57 A.3d 905, cert. denied, 308 Conn. 915, 61 A.3d 1102 (2013). Accordingly, this claim fails.

## II

## PRIOR APPELLATE COURT DECISION

Additionally, the plaintiffs argue that this court's previous decision in *Hayes Family Ltd. Partnership* v. *Town Plan & Zoning Commission*, supra, 115 Conn. App. 655, will have a preclusive effect on any future

applications for a special permit. According to the plaintiffs, the preclusive effect is certain because of "the Appellate Court's *finding* that a commercial development on the subject property would have an adverse impact on neighboring residences." (Emphasis added.) The plaintiffs also claim that "[t]he Appellate Court *found* that the proposed development would adversely impact the neighboring residences with regard to noise, traffic, and property values." (Emphasis added.) The plaintiffs contend that "[t]he Appellate Court's *findings* were not based upon any particular characteristics of [the] plaintiffs' proposal but, rather, were based upon it being a commercial development adjacent to residences. Such *findings* doom any alternative commercial development at the subject site because any commercial development will have an adverse impact on the neighboring residences under the Appellate Court's reasoning upholding the commission's denial." (Emphasis added.)

The plaintiffs have mischaracterized the holding in that decision. This court reviewed the evidence in the record to determine if it was sufficient to support the commission's denial of a particular application for a special permit. We concluded: "On the basis of the foregoing and our thorough examination of the record, we conclude that there was adequate evidence to support the commission's reasons for denying the special permit." *Hayes Family Ltd. Partnership* v. *Town Plan & Zoning Commission*, supra, 115 Conn. App. 662. No mention was made of any possible future applications. Most importantly, no *findings* were made as to traffic, noise, property values or adverse impacts upon the neighborhood because this court is not a fact finder. "It is well settled that we do not find facts." *Bria* v. *Ventana Corp.*, 58 Conn. App. 461, 466, 755 A.2d 239 (2000); see also *Multilingual Consultant Associates, LLC* v. *Ngoh*, 163 Conn. App. 725, 737, A.3d (2016). Accordingly, this claim of the plaintiffs has no merit.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We summarily dispose of this claim. Although the plaintiffs contend that they demonstrated that "no economically viable use of the property is possible," they have provided no references to the transcript or other portions of the record that support this statement. "We are not required to review issues that have been improperly presented to this court through an inadequate brief." (Internal quotation marks omitted.) *Burns* v. *Quinnipiac University*, 120 Conn. App. 311, 323–24 n.12, 991 A.2d 666, cert. denied, 297 Conn. 906, 995 A.2d 634 (2010).

[2] Because the plaintiffs' claims are interrelated, we necessarily address them together in this opinion.

[3] In their appellate brief, the plaintiffs also included the following issues: (1) "Did the trial court err in holding that plaintiffs had not met the finality requirement where alternative uses would be subject to denial based upon traffic concerns?," and (2) "Did the trial court err in holding that plaintiffs had not met the finality requirement where alternative uses would be subject to denial based upon noncompliance with the plan of development?"

The commission provided a collective statement that gave the reasons for its denial of the plaintiffs' application for a special permit. Those reasons

did not include traffic concerns or noncompliance with the plan of development. "In zoning cases, we have held that, when a zoning commission has formally stated the reasons for its decision, the court should not go behind that official collective statement . . . [and] attempt to search out and speculate [on] other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision." (Internal quotation marks omitted.) *Gibbons* v. *Historic District Commission*, 285 Conn. 755, 769, 941 A.2d 917 (2008). "To go beyond those stated reasons invades the factfinding mission of the agency by allowing the court to cull out reasons that the agency may not have found to be credible or proven." (Internal quotation marks omitted.) Id., 771. Accordingly, we decline to address these claims.

[4] The plaintiffs also claim on appeal that the trial court improperly dismissed their action where the application of the zoning regulations resulted in at least a partial taking of their property. The court did not rule on a partial taking claim because it was never expressly raised. In their posttrial brief, the term "partial taking" is mentioned twice in twenty-six pages; the plaintiffs provided no case law or other authority with respect to this concept. No mention of "partial taking" is made in the plaintiffs' posttrial reply brief. The trial court did not rule on a claim of a partial taking because it had not been presented to the court. "For this court to . . . consider [a] claim on the basis of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both to the [court] and to the opposing party." (Internal quotation marks omitted.) *Dauti Construction, LLC* v. *Planning & Zoning Commission*, 125 Conn. App. 665, 674–75, 10 A.3d 92 (2010), cert. denied, 300 Conn. 924, 15 A.3d 630 (2011).

Moreover, the plaintiffs' failure to demonstrate that they met the finality requirement for a regulatory taking claim likewise is dispositive of this issue.

---